## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

| | | |
|---|---|---|
| Cydnee Phoenix, | : | |
| Plaintiff, | : | Hon. Joseph H. Rodriguez |
| v. | : | Civil Action No. 14-1615 |
| U.S. Home Corporation d/b/a Lennar Homes, | : | **OPINION** |
| Defendant. | : | |

---

This matter is before the Court on Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion will be granted (in part?).

## I.     Background

The following facts are taken from Plaintiff's complaint, and, as such, the Court accepts them as true for the purposes of this motion. In September 2013, Plaintiff Cyndee Phoenix ("Plaintiff or Phoenix"), along with her sister, mother, and a real estate agent, visited a planned residential community known as Cedar Point, where Plaintiff would eventually purchase property ("Property"). (Compl. ¶ 5, 9.) A sales agent and representative of Defendant, Ray DeChristie ("DeChristie"), met Plaintiff and her family at the Property. (Compl. ¶ 9.) Defendant—U.S. Home Corporation, d/b/a Lennar Homes ("Lennar")—is  the builder, developer, and broker of the houses in Cedar Point, including the Property. (Compl. ¶ 6.) During this visit, Plaintiff encountered Kevin Elville Potter ("Potter"), who resides across the street from the Property. (Compl. ¶ 10.)

Potter spoke with the sales representative about the lack of services by Defendant and told Plaintiff and her family not to let Lennar do to you what they have done to us (referring to himself and his family). (Compl. ¶ 11.)

After this encounter, Plaintiff asked DeChristie whether there was a problem with Potter. (Compl. ¶ 12.) DeChristie informed them that there was "no problem," implying that Potter was no longer eligible for services because of the amount of time that had passed since his home was purchased. (Compl. ¶ 13.) On September 21, 2013, Plaintiff signed the Agreement of Sale, and on September 23, 2013, Defendant signed the Agreement of Sale. (Compl. ¶ 14.) On October 30, 2013, Plaintiff purchased the Property from Defendant and has resided there since November 7, 2013. (Compl. ¶ 4.) In deciding to purchase the Property, Plaintiff relied on Defendant's advertisements, which spoke to the "wonderful lifestyle" of the community and stated that "Quality, Value and Integrity are the hallmarks" of the community. (Compl. ¶ 7, 8.)

After purchasing the Property, Plaintiff learned that Potter was not receiving services as a result of his "harassing, hostile, and volatile interactions" with Defendant's agents, employees, and/or workers. (Compl. ¶ 15.) This information was known by Defendant and DeChristie before Plaintiff's September visit. (Compl. ¶ 15.) Prior to purchasing the property, Plaintiff was never informed of Potter's harassing, hostile, and volatile behavior. (Compl. ¶ 19.) If Plaintiff had known of Potter's behavior, she would not have purchased the Property. (Compl. ¶ 20.)

After purchasing the Property, Plaintiff became aware that Potter parked his vehicles in front of her Property, blocking the driveway. (Compl. ¶ 21, 22, 23.) Upon Plaintiff's request, Potter agreed to move his cars when Plaintiff moved in. (Compl. ¶ 22.) Unbeknownst to Plaintiff, on October 1, 2013, Defendant's general counsel, Marcie

R. Getelman, sent a letter to Potter's wife telling her that her husband's "frustration with Lennar is misplaced and the harassing conduct needs to stop immediately." (Compl. ¶ 23.) The letter referenced Potter's parking his vehicles in front of Plaintiff's residence. (Compl. ¶ 23.) However, neither Plaintiff nor any member of her family told Defendant about Potter blocking her driveway, nor did they request a letter to be sent. (Compl. ¶ 25.)

Upon moving onto the Property, Potter's vehicles were still parked in front of the Property, occasionally close to Plaintiff's mailbox. (Compl. ¶ 27, 29.) Potter refused to move them upon Plaintiff's request, referencing the October 1, 2013 letter. (Compl. ¶ 28.) The location of these vehicles has interfered with the United States Postal Service's ability to approach Plaintiff's mailbox, resulting in the mail carrier not delivering mail and requiring Plaintiff to physically pick up her mail from the post office. (Compl. ¶ 9.)

Potter's behavior became hostile, belligerent, and increasingly harassing, such that Plaintiff worried that Potter would become violent in the future. (Compl. ¶ 28, 29.) Potter has made snide and racist comments about Plaintiff and her family; spit in the direction of Plaintiff and her family; blasted his music loudly; taken pictures of Plaintiff's guests and stared them down in attempts to intimidate them; and called the police on Plaintiff, among other means of harassment and intimidation. (Compl. ¶ 29.) In response to his behavior, Plaintiff and her sister filed complaints for harassment against Potter in Municipal Court on November 12, 2013. (Compl. ¶ 30.) Plaintiff also hired a security guard in fear of retaliation for filing the harassment complaints. (Compl. ¶ 31.)

Plaintiff's counsel informed Defendant's general counsel of Potter's harassing conduct, asking Defendant to eliminate the problems caused by Potter. (Compl. ¶ 33.)

Defendant has not taken any action to stop the harassment. (Compl. ¶ 34.) Potter's behavior has not stopped, and, as a result, Plaintiff claims to have been damaged. (Compl. ¶ 35.) Plaintiff now brings claims for fraud, equitable fraud, negligence misrepresentation and omission, violation of the New Jersey Consumer Fraud Act ("CFA"), violation of the Planned Real Estate Development Full Disclosure Act ("PREDFDA"), and negligent infliction of emotional distress.

## II.  Standard

A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim.  Fed. R. Civ. P. 12(b)(6).  When deciding a motion to dismiss pursuant to Rule 12(b)(6), ordinarily only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration.[1]  See Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).  It is not necessary for the plaintiff to plead evidence.  Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977).  The question before the Court is not whether the plaintiff will ultimately prevail.  Watson v. Abington Twp., 478 F.3d 144, 150 (2007).  Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

---

[1] "Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment."  U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (internal quotation marks and citations omitted) (emphasis deleted).

"A claim has facial plausibility[2] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (citing Twombly, 550 U.S. at 556).  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Iqbal, 556 U.S. at 680.

The Court need not accept "'unsupported conclusions and unwarranted inferences,'" Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), however, and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness."  Wyeth v. Ranbaxy Labs., Ltd., 448 F. Supp. 2d 607, 609 (D.N.J. 2006) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005) ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss.")).  Accord Iqbal, 556 U.S. at 679 (finding that pleadings that are no more than conclusions are not entitled to the assumption of truth).

Further, although "detailed factual allegations" are not necessary, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  Twombly, 550 U.S. at 555 (internal citations omitted).  See also Iqbal, 556 U.S. at 678

---

[2] This plausibility standard requires more than a mere possibility that unlawful conduct has occurred. "When a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id.

("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." Twombly, 550 U.S. at 556 (internal citations omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Further, Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

### III.   Discussion

Counts I, II, III and VI of Plaintiff's Complaint allege claims of fraud, equitable fraud, Plaintiff now brings claims for fraud, equitable fraud, negligence misrepresentation and omission, and negligent infliction of emotional distress respectively.  These claims will be referred to as the common law claims.  Counts IV and V allege violations of the New Jersey Consumer Fraud Act and the Planned Real Estate Development Full Disclosure Act, respectively.  The Court will address the issues in turn.

Plaintiff's characterization of Potter's actions paints an unpleasant and unenviable experience.  While Plaintiff may seek redress against Potter, the Complaint here, for the reasons that follow, fails to state a claim upon which relief can be granted

as to Lennar.  New Jersey does not recognize a duty to disclose an undesirable neighbor. The standard of review governing fraud claims, pursuant to Fed. R. Civ. P. 9(b), requires the pleading of particularized circumstances constituting fraud.  Here, such particularity is lacking, specifically as to Defendant's knowledge of Potter's behavior toward other neighbors.  In addition, to the extent that Defendant's agent made certain statements to Plaintiff following an encounter with Potter, the Court finds that those statements do not constitute material misrepresentation of fact.  While the Court sympathizes with Plaintiff's grievances as to Potter, the Complaint fails to state a claim upon which relief can be granted as to Defendant Lennar.

### A.  Common Law Claims

Plaintiff's fraud claims fail as a matter of law because Defendants did not owe a duty to Plaintiff to disclose Potter's behavior.  In New Jersey, "any tort of negligence requires the plaintiff to prove that the putative tortfeasor breached a duty of care . . . ." S. Broward Hosp. Dist. v. MedQuist, Inc., 516 F. Supp. 2d 370, 395 (D.N.J. 2007) (quoting Highlands Ins. Co. v. Hobbs Group, LLC, 373 F.3d 347, 351 (3d Cir. 2004)). Therefore, in order for the fraud claims to succeed, Defendant must have a duty to disclose Potter's behavior to Plaintiff.

Under New Jersey law, home sellers only have a duty to disclose "off-site physical conditions known to [them] and unknown and not readily observable by the buyer if the existence of those conditions is of sufficient materiality to affect the habitability, use, or enjoyment of the property and, therefore, render the property substantially less desirable or valuable to the objectively reasonable buyer." Strawn v. Canuso, 140 N.J. 43, 65 (1995). Potter's behavior is not an off-site physical condition, but a social

condition that Lennar had no duty to disclose. See, Levine v. Kramer Group, 354 N.J. Super. 397, 405 (App. Div. 2002) (where the court found that there was no duty to disclose the existence of a disgruntled neighbor).

In this regard, Plaintiff's reliance on two California state court decisions is unavailing. First, the cases are not binding on this Court. More importantly, California has a statute that requires a broker to disclose the "[n]eighborhood noise problems or other nuisances" including "difficult neighbors." See Alexander v. McKnight, 7 Cal. App. 4th 973, 976 (Cal. Ct. App. 1998); see also Shapiro v. Sutherland, 64 Cal. App. 4th 1534, 1545 (Cal. Ct. App. 1992). There is no such statute in New Jersey requiring a similar disclosure and, pursuant to Strawn, there is no obligation to disclose the presence of a disgruntled neighbor to a prospective buyer. Strawn, 140 N.J. at 64.

Moreover, the Complaint fails to set forth sufficient facts that demonstrate that Defendant assumed a duty to disclose Potter's behavior upon being asked by Plaintiff whether Potter was a problem and then volunteering a response. "Although a party may keep absolute[ly] silen[t] and violate no rule of law or equity, ... if he volunteers to speak and to convey information which may influence the conduct of the other party, he is bound to discover the whole truth. A partial statement then becomes a fraudulent concealment, and even amounts to a false and fraudulent misrepresentation." Berman v. Gurwicz, 189 N.J. Super. 89, 93 (Ch. Div. 1981) (quoting Pomeroy, Equity Jurisprudence (5th ed.), § 901a (1941)).

Here, the Complaint fails to allege sufficient facts to plausibly conclude that Defendant was aware of additional information requiring disclosure. First, there is nothing in the Complaint that suggests that Plaintiff had a specific need that Defendant fraudulently assuaged. While it is axiomatic that prospective homebuyers wish for

"good" neighbors, Potter's behavior was on full view to Plaintiff and there are no facts plead indicating that Defendant was aware that Potter was "harassing, volatile, or hostile" with his neighbors. Compl. ¶15.  At most, Defendant's October 1, 2013 letter to Potter demonstrates Defendant's awareness of Potter's unneighborly conduct of parking his vehicle in front of Plaintiff's future home; the Complaint fails to plead with particularity the details of the "hostile, volatile, and harassing" actions Potter took against Defendant's personnel and/or the other neighbors. Iqbal, 556 U.S. at 680; Fed. R. Civ. P. 9 (b).  The act of parking in front of Plaintiff's future home, which according to the letter was taken for the purpose of frustrating Defendant's sales effort, does not demonstrate that Defendant was aware, or could even surmise, that Potter's frustrations would be directed toward Plaintiff in the manner that has occurred.  In addition, the letter was sent after Plaintiff's September visit to the property where Plaintiff had the opportunity to observe Potter's parking.

Second, Defendant's statement, even if it falls short of complete propriety, is not a misrepresentation of a material fact. Alexander v. CIGNA Corp., 991 F. Supp. 427, 435 (D.N.J. 1998) ("Similarly, statements that can be categorized as "puffery" or "vague and ill-defined opinions" are not assurances of fact and thus do not constitute misrepresentations.") (citing Diaz v. Johnson Matthey, Inc., 869 F. Supp. 1155, 1165 (D.N.J. 1994) (citations omitted).  To establish her claims of fraud, Plaintiff must demonstrate that the Defendants knowingly withheld material facts to induce Plaintiff to purchase the property. See  Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610 (1997); Strawn, 140 N.J. at 60.

Here, DeChristie's comments are nothing more than an "ill-defined opinion." In this regard, Defendant's reliance on <u>Perri v. Prestigious Homes, Inc.</u>, 2012 WL 95564 (N.J. Super. A.D. Jan. 13, 2012) is instructive. In P<u>erri</u>, a realtor told a buyer that "flooding was not something to worry about" in regards to a home located in a flood zone. In determining that the realtor was not liable under the CFA and common law fraud, the Appellate Division concluded that the plaintiff could not establish that the realtor made a statement of fact that was false. Rather, the Appellate Division concluded that the statement did not "describe a direct assertion of fact; at best, it indicates an idle comment [the realtor] made conveying her opinion about the seriousness of the problem posed by flooding." at *5 (citing <u>Gennari</u>, 148 N.J. at 607 (differentiating material misrepresentations from "idle comments or mere puffery"). Plaintiff asked DeChristie his opinion of Potter's behavior, which she personally observed, and his response is not a material fact. <u>Perri</u>, 2012 WL 95564 at *4. Likewise, DeChristie's comment as to the reasons Potter was no longer eligible for services is not a material fact.

Finally, the Sales Agreement disclaims any reliance on statements outside of the contract and Plaintiff cannot now claim fraud. <u>Alexander</u>, 991 F. Supp. at 436; <u>see also</u> <u>Pathfinder Mgmt., Inc. v. Mayne Pharma</u>, 2008 WL 3192563 (D.N.J. Aug. 5, 2008) ("Since the Purchase Agreement explicitly states that Plaintiff is aware that no representations are being made to them outside those contained within the Purchase Agreement and specified schedules and instruments, the representations made by [Defendant] in the January 2003 presentation cannot be justifiably relied upon by Plaintiff.").

Accordingly, Defendant had no duty to Plaintiff to disclose information regarding Potter's conduct. Therefore, Plaintiff's fraud claim must be dismissed. Additionally, the equitable fraud, negligent misrepresentation and omission, and negligent infliction of emotional distress claims are also dismissed because Defendant did not owe a duty to Plaintiff.

### B.  Violation of the New Jersey Consumer Fraud Act

Plaintiff's claim under the New Jersey Consumer Fraud Act is dismissed. "[T]o state a claim under the CFA, a plaintiff must allege each of three elements: (1) unlawful conduct by the defendants; (2) an ascertainable loss on the part of the plaintiff; and (3) a causal relationship between the defendants' unlawful conduct and the plaintiff's ascertainable loss." N.J. Citizen Action v. Schering-Plough Corp., 367 N.J. Super. 8, 12-13 (App. Div. 2003).

There are two bases for Plaintiff's CFA claim. First, Plaintiff alleges a violation stemming from the misrepresentation and omission of facts concerning Potter's conduct. Second, Plaintiff alleges false representations in written advertisements provided by Defendant. Both claims fail as a matter of law and are insufficient to maintain a CFA action.

Plaintiff's CFA claim based upon Defendant's alleged failure to speak the whole truth when the sales representative volunteered that Potter's conduct was of no moment is dismissed as there are no facts in the Complaint that sufficiently allege that Defendant was aware of any further information regarding Potter's conduct that warranted disclosure. In addition, pursuant to the Rule 9(b) standard governing fraud claims, the plaintiff must also allege "substantial aggravating circumstances." Naporano Iron &

Metal Co. v. Am. Crane Corp., 79 F. Supp. 2d 494, 507 (D.N.J. 1999) (citing Suber v. Chrysler Corp., 104 F.3d 578, 587 (3d Cir. 1997)). Plaintiff has not satisfied either of these burdens.

As to the claim of fraudulent misrepresentation, the statement that Potter was "no problem" does not constitute a misrepresentation as it is not a statement of material fact. Under the CFA, "[t]he misrepresentation has to be one which is material to the transaction and which is a statement of fact, found to be false, made to induce the buyer to make the purchase." Gennari, 148 N.J. at 607 (citing Gennari v. Weichert Co. Realtors, 288 N.J. Super. 504, 535 (App. Div. 1996)). Not all erroneous statements constitute a sufficient misrepresentation to bring a claim under the CFA. Id. The statement that Potter was "no problem" is not a statement of fact; instead, it is an idle comment which is insufficient to constitute a misrepresentation. See Gennari, 148 N.J. at 607.

As for the written advertisements claiming a "wonderful lifestyle" and speaking to the "Quality, Value and Integrity" of the neighborhood, these statements alone do not justify a claim under the CFA. "Whether a practice itself is unfair [for purposes of the New Jersey Consumer Fraud Act] is a classic jury question. However, where the claim is based on written statements, the court must make the legal determination of whether a practice can be said to be unfair in light of the written statements." Slack v. Suburban Propane Partners, L.P., 2010 WL 3810870, at *5 (D.N.J. Sept. 21, 2010) (quoting Hassler v. Sovereign Bank, 374 Fed. Appx. 341, 344 (3d Cir. 2010)). Therefore, the question of whether this claim is actionable is a matter of law.

"Mere puffery does not constitute consumer fraud." Bubbles N' Bows, LLC v. Fey Publ'g. Co., 2207 WL 240698, at *9 (D.N.J. Aug. 20, 2007) (citing Turf Lawnmower

Repair, Inc. v. Bergen Record Corp., 139 N.J. 392, 416 (1995)). Further, "vague and ill-defined opinions" cannot be construed as a misrepresentation. Bubbles N' Bows, 2207 WL 240698, at *9. Specifically, vague statements about "integrity" are mere puffery and cannot be construed as promises. Id. In deciding whether a statement is puffery or something more, courts have looked to whether the statements would "victimize the average consumer." Turf Lawnmower Repair, 139 N.J. at 416.  The allegedly fraudulent statements provided by Defendant would not victimize the average consumer. Rather, phrases like a "wonderful lifestyle" are statements of opinion, not fact. Therefore, Plaintiff's CFA claim must be dismissed.

### C. Violation of the Planned Real Estate Development Full Disclosure Act

The PREDFDA states that any developer who "makes an untrue statement of material fact or omits a material fact... or who makes a misleading statement... shall be liable to the purchaser." N.J.S.A. 45:22A-37 (1978). As previously stated, the Complaint does not allege facts sufficient to determine that Defendant possessed knowledge of Potter's conduct prior to Plaintiff's purchase of the Property to satisfy a Rule 12(b)(6) motion. The Court need not accept "'unsupported conclusions and unwarranted inferences,'" Baraka, 481 F.3d at 195.  Without more, the Complaint simply concludes that Potter engaged in "harassing, hostile, and volatile conduct" with Defendant's employees and other neighbors; such bare statements are insufficient under Rule 12(b)(6). Iqbal, 556 U.S. at 679.  Accordingly, the PREDFDA claim must be dismissed.

### IV.   Conclusion

For the reasons stated above, Defendant's Motion to Dismiss is granted on the entirety of the Complaint.

An appropriate order shall issue.


Dated: November 3, 2014


s/ Joseph H. Rodriguez
Hon. Joseph H. Rodriguez,
UNITED STATES DISTRICT JUDGE